THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY v. JOHN PATTEN.

No. 94.

1. RAILROAD—*Liability for Theft of Baggage.* When a person takes passage upon a railroad, purchases his ticket, and checks his baggage to the place of his destination, and such baggage arrives at its destination and is not from any cause delivered to such passenger, it is the duty of the company to deposit the baggage in its baggage-room, in which event its responsibility becomes that of warehouseman, and it must respond in damages for any neglect in that capacity.

2. ———— *Condition of Baggage-Room.* It is not necessary that the baggage-room should be absolutely burglar proof, but such a place as a man of ordinary prudence would use for the storage of his own goods.

MEMORANDUM.—Error from Bourbon district court; J. S. WEST, judge. Action by John Patten against The Kansas City, Fort Scott & Memphis Railroad Company to recover for loss of baggage. Judgment for plaintiff. Defendant brings the case to this court.

Affirmed. The opinion herein, filed June 2, 1896, states the material facts.

*Wallace Pratt,* and *Charles W. Blair,* for plaintiff in error.

*A. M. Keene,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: On the 5th day of October, 1890, the defendant in error took passage on the Kansas City, Ft. Scott & Memphis railroad at Kansas City, Mo., for Arcadia, Kan., and had his trunk checked for the same station. He arrived at his destination about 8 or 9 o'clock of the same evening, and his trunk arrived at the same time, in good condition, and was unloaded from the baggage-car and placed upon the truck, where the defendant in error then saw it. He did not then present his check and claim his trunk, but went to his hotel, and the trunk was taken in charge by the station-agent and placed in the baggage-room and locked up, where it remained until the morning of the 11th or 12th of October, when the baggage-room was broken open by burglars and his trunk taken out and broken open and the contents stolen.

The defendant in error thereupon brought suit against the railroad company for damages for the loss of his trunk and contents, charging negligence on the part of the railroad company in taking charge of his baggage and negligently caring for the same, and permitting it to be taken from its custody and lost to him. The railroad company denied its liability, and alleged that the trunk was permitted to remain in the baggage-room of the railroad company upon plaintiff's

request as a matter of accommodation to him, without pay, after his and its transit was completed, and when he had no right by virtue of his ticket to ask that it be kept any longer, and also alleged contributory negligence. Upon these issues the cause was tried before the court with a jury, and resulted in a verdict and judgment for the plaintiff below.

The jury also returned with their general verdict special findings of fact. The railroad company filed a motion for judgment against the plaintiff for costs on the special findings of fact, and a motion for a new trial. Both motions were overruled. The railroad company excepted, made a case, and brings the matter here for review.

A common carrier of passengers for hire is an insurer of the safety of the passenger's baggage intrusted to it during transit, and for a reasonable time after its arrival at the place of destination, in order to allow the passenger time to receive and remove it. (*L. L. & G. Rld. Co. v. Maris*, 16 Kan. 333.) But the liability of the carrier terminates when the baggage has arrived at its destination and has remained there a time reasonably sufficient to allow the owner to receive and remove it from the carrier's premises. Then it becomes a question of what was a reasonable time for the passenger to accept and remove his baggage from the depot of the railroad company at Arcadia. He arrived there on the same train that his baggage did; he saw it there on the trucks, and went to his hotel and let it remain there five or six days without ever presenting his check, or calling for or demanding the same. The baggage should have been removed on the evening of its arrival, or during the business hours of the succeeding day. The liability

of the company, as a railroad, had terminated before the robbery took place, and it could be held liable only as a bailee of the goods.

The defendant in error neglecting to call for or demand his baggage within a reasonable time after its arrival, and permitting it to remain in the baggage-room of the railroad company, the liability of the company was changed from that of a common carrier to that of a warehouseman, and it was thereafter liable only for loss resulting from actual negligence. The railroad company was bound to use that degree of care and attention which, under the actual circumstances, a man of ordinary prudence and discretion would use in reference to the particular goods if they were his own, and if it took ordinary care for the safe-keeping of the goods it would not be liable in case they were lost by robbery while in its charge. It was the duty of the railroad company to store the baggage in a safe warehouse, with all the openings well secured by good bolts or locks. There is considerable conflict in the evidence respecting the condition of the baggage-room, the locks thereon, and the manner in which the same were constructed and kept. There is also great conflict in the evidence as to whether there was any arrangement or agreement between the defendant in error and the station-agent at Arcadia in relation to the baggage remaining in the baggage-room for hire, or whether it was to remain there as a mere accommodation to the owner. These were all questions of fact submitted to the jury under the instructions of the court, and their finding thereon is conclusive.

There are various other errors assigned by the plaintiff in error and discussed in its briefs, which we do not deem of importance to be considered in determin-

ing this cause. We think the verdict of the jury is decisive of all questions in dispute between the parties. The matters were submitted to them under full instructions of the court, giving them the law applicable to the issues they were to determine.

We do not think there was any substantial error that was prejudicial to the rights of the plaintiff in error in this case.

The judgment of the district court is affirmed.

All the Judges concurring.